UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MIKEL V. PRIMM                    ]
    Plaintiff,                ]
                                  ]
v.                                ]     No. 3:12-0144
                                  ]     Judge Sharp
JEFF BLEDSOE, SHERIFF, et al.     ]
    Defendants.               ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Dickson County Jail in Charlotte, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jeff Bledsoe, Sheriff of Dickson County, and Captain Donnie Young, a member of the staff at the Dickson County Jail, seeking unspecified relief.

The plaintiff alleges that he has been at the Dickson County Jail for 5 1/2 months and complains that he is "the only one in this jail that have [*sic*] not been to court at all." He is, in essence, arguing that he is being illegally detained by the defendants.

A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has

been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge